## Rader v. Martin Stone Quarries, Inc.

C.P. of Berks County, no. 09-14403.

*Jeffrey D. Servin,* for plaintiff.
*Terry L. Parish* and *Paul R. Ober,* for defendants.

SPRECHER, *J.,* November 5, 2010—Plaintiff, Curtis H. Rader, appeals the order dated July 21, 2010, that imposed legal fees on him due to his dilatory, obdurate, and vexatious conduct. This opinion is filed pursuant to Pa. R.A.P. 1925.

## FACTS

Plaintiff filed pro se a complaint and a document entitled "argument court" on November 5, 2009, to the above docket number. The complaint does not comply with the Pennsylvania Rules of Civil Procedure, especially Pa.

R.C.P. 1022, and begins with "I, Curtis H. Rader, plaintiff in case Docket #09-6679 do completely dis-agree' with Judge Lash's conclusion and decisions made on October 20 2009 regarding the argument court hearing held on October 19 2009 by this judge." In that case, the Honorable Scott E. Lash sustained the preliminary objections of all the defendants and dismissed plaintiff's complaint. After plaintiff recites the order he then gives his "analysis of, and response to this 'order.'" This "analysis and response" is a rambling diatribe about the courts in general and Judge Lash in particular. The relief requested, as stated by the plaintiff in the complaint, is the rescission of Judge Lash's order, the filing of answers by defendants, Judge Lash's reasons for the order, and Judge Lash's explanation for his harassment and intimidation of a witness and defendant.

Defendants filed a joint motion to quash complaint. They alleged that this action involved the same issues as the prior action. In 2008 plaintiff filed a land use appeal. Plaintiff's appeal was not sustained. On May 29, 2009, plaintiff filed a complaint with the same issues as the appeal. Defendants filed preliminary objections to the prior complaint which were sustained based on the doctrine of res judicata. On November 5, 2009, plaintiff filed the complaint in the above captioned proceeding. Defendants also contend in their motion that this complaint contains improper and scandalous averments, including statements which impugn the credibility of public officials and businesses without evidentiary support. Defendants sought counsel fees and a prohibition against plaintiff's filing of any more documents without prior court approval. This

case was assigned to Senior Judge Albert A. Stallone and was subsequently reassigned to the undersigned. On April 21, 2010, this court quashed the action and directed the prothonotary of Berks County to refuse to accept and to file any documents on behalf of plaintiff regarding the instant subject matter unless this court gives express prior approval to the filing of each document. The order also provided that counsel should prepare a rule if they wanted to pursue counsel fees.

All defendants filed a joint motion for counsel fees. This court presided over a hearing to determine costs. The parties testified to the costs that each incurred. Following the hearing and argument, this court found that all of the prior actions between the parties had been resolved adversely against plaintiff and that all the present litigation also concerned issues that had previously been resolved. It further found that the second and third actions had been brought in bad faith, resulting in damages to the defendants in the form of costs and legal fees to defend the frivolous actions. This court asked plaintiff how much time was needed by him to pay the costs and fees. Plaintiff replied that he did not intend to pay the money because he was appealing the order. This court therefore ordered plaintiff to pay the legal fees owed to the various parties within sixty days.

## ISSUES

Plaintiff raises the following issues in his concise statement of errors complained of on appeal:

1. This court erred when it ruled that the litigation was

dilatory, frivolous, and in bad faith and ordered plaintiff to pay defendants' attorney fees and costs; as plaintiff's lawsuits were not dilatory, nor frivolous, nor in bad faith, as defendants' actions constituted a nuisance and hazard to plaintiff's and other's property, health, and welfare.

2. This court erred when it ruled that the litigation was dilatory, as set forth above, as defendants in this case were in violation of Washington code rules and zoning regulations, specifically paragraphs § 139-79 et seq., which states that no land, building, structure, or premises can be altered or occupied in such a manner as to be dangerous, injurious, noxious, or otherwise a hazard. Defendants violated the above as set forth in that section. Because of these violations the lawsuits filed by defendant were not frivolous and therefore the awarding of attorney fees is neither justified nor valid.

3. This court erred when it ruled that the prior litigation was dilatory, as defendants' lawsuits were totally justified, and in addition to the above, the actions of defendants were also in violation of the agreement among the Township of Washington and the defendants dated December 23, 1991, and in particular paragraph 15, which specifies that casing contamination to the water supply and/or the surrounding water rights of defendant is a violation of the agreement; all of which justify the valid attempts at prior litigation by plaintiff; who at least had a prima facie position on this and the other matters set forth above. Therefore the awarding of attorneys' fees to defendants was neither justified nor valid.

4. This court erred as a matter of law as plaintiff at least had a prima facie legal position in connection with all prior litigation pursuant to the equity powers and the jurisdiction of the court. Therefore, this court abused its discretion in granting the defendants' motion for attorneys' fees and costs.

## DISCUSSION

This court found that plaintiff was obdurate and vexatious in filing the instant action. Plaintiff did not like the resolution of his land use appeal. Apparently, he did not file an appeal. Instead, he filed a new action with a complaint filled with slurs, insinuations, and aspersions against the court, defendants, attorneys, and anyone else who disagreed with plaintiff. The first complaint was dismissed. Plaintiff did not file an appeal. Again, he initiated a brand new action raising the same issues. At this point in time, the issues are res judicata. Plaintiff is not asserting any new cause of action. He is just obdurately pursuing the same issues and vilifying everyone who disagrees with his position. This court awarded the fees and costs because plaintiff brought the actions in bad faith, causing the parties additional attorneys' fees and costs.

Plaintiff's concise statement attempts to raise substantive issues that should have been raised in the prior land use appeal. Plaintiff perceives defendants' actions as a nuisance and hazard to his property, health, and welfare. He argues that defendants are in violation of Washington Township's rules and zoning regulations so the various lawsuits have not been frivolous. Again,

plaintiff does not understand that these issues have been addressed with final orders. If plaintiff was not satisfied with the resolution of his land use appeal, then his remedy was an appeal to the appellate court as he did in the case sub judice. The solution was not to rehash all his issues in the filing of repetitious complaints until he obtains a decision that he likes. Moreover, this court did not make the rulings in the other cases because those cases were assigned to other judges. The coordinate jurisdiction rule mandates that judges of coordinate jurisdictions sitting in the same court and in the same case should not overrule the decisions of each other. *Fred E. Young, Inc., v. Brush Mountain*, 697 A.2d. 984 (Pa. Super. 1997). If new issues arise, then plaintiff may file a new action without the inclusion of scandalous and impertinent material.

In accordance with the foregoing opinion, this court submits that plaintiff's appeal should be dismissed and its order sustained.